UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONNIE WILLIAMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. MONTEIRO, Warden,<br><br>　　　　Respondent. | No. CV 06-1337-VBF (FFM)<br><br>ORDER TO SHOW CAUSE |

The instant Order to Show Cause is directed to petitioner Ronnie Williams. In sum, and as discussed further below, the Order requires that, by March 6, 2009, petitioner show cause why the present matter should not be dismissed in its entirety as moot.

**BACKGROUND**

On March 3, 2006, petitioner initiated habeas proceedings in this case when he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). (Pet. at 1). The record before the Court indicates that, at the time he filed the Petition, petitioner was in the custody of the California Department of Corrections and Rehabilitation, serving a 15-year state prison term pursuant to a conviction in Los Angeles County Superior Court (Case No.

///

1  BA104650); the record indicates that petitioner's sentence was imposed on March
2  1, 1995.  (*Id.* at 1-3; *see also* Answer at 1-2; Lodgments 1-2).

3       The Petition set forth a challenge to a prison discipline proceeding against petitioner which resulted in the revocation of 180 days of petitioner's "behavioral/work" custody credits, with such revocation bearing on the length of time to be served on petitioner's sentence while incarcerated in state prison.  (*See* Pet. at 5 and att. foll. *id.; see also* Lodgments 1-6).  As relief in this Court, petitioner sought only the restoration of these custody credits and, implicitly, a corresponding shortening "update" of his then-anticipated minimum release date of May 17, 2007.  (Pet. at 5 and att. foll. *id.*; *see also* Response at 1-3; Lodgment 2 at 1).

     Petitioner's last filing in this case was a "Notice of Change of Address" ("Notice"), which was filed on May 22, 2007.  (*See* Notice at 1).  The Notice apprised the Court that petitioner had "changed his address from that of record" (a state prison address) to an apparent residential address in Los Angeles, California.  (*See id.*).  Given that petitioner's last-reported anticipated minimum release date has passed *and* that petitioner's last filing in this case reflects a change of address from a state prison to an apparent residential address, it appears that petitioner has now *completed* his sentence and was released from state prison on or around the expected minimum release date of May 17, 2007.  As a result, it appears that petitioner no longer is incarcerated on the challenged term of sentence.

## DISCUSSION

     Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters which do not present a live case or controversy.  *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).  In order for there to be a live case or controversy, at *all* times in the litigation, a

plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). In the specific context of a habeas corpus petition, the case or controversy requirement mandates a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097-98 (9th Cir. 1997); *Picrin-Peron v. Rison,* 930 F.2d 773, 775-76 (9th Cir. 1991).

"'The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition.'" *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir. 2001) (citing *Larche v. Simons,* 53 F.3d 1068, 1069 (9th Cir. 1995)). *See also, e.g., Brock v. Weston,* 31 F.3d 887, 888 (9th Cir. 1994); *Picrin-Peron,* 930 F.2d at 775-76. An exception to the mootness doctrine exists for those petitioners who, by their habeas petitions, seek to challenge their convictions and who allege that they would suffer collateral legal consequences if their convictions were allowed to stand. *Larche,* 53 F.3d at 1069-70. This exception does not apply where, as here, a petitioner's challenge pertains to the length of his sentence, not his underlying conviction. *See, e.g., Lane v. Williams,* 455 U.S. 624, 631, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982); *Spencer,* 523 U.S. at 7-14; *United States v. Verdin,* 243 F.3d 1174, 1177-78 (9th Cir. 2001); *United States v. Palomba,* 182 F.3d 1121,1123 (9th Cir. 1999).

As noted, the present record indicates that petitioner appears to have completed his sentence and been released from state incarceration on or around his last-reported anticipated minimum release date of May 17, 2007. (*See* Pet. at 5 and att. foll. *id.*; *see also* Response at 1-3; Lodgment 2 at 1; Notice at 1). The Court has not yet addressed the merits of the Petition. Accordingly, the relief

sought by the Petition (*i.e.*, "updating" and shortening petitioner's release date by restoring 180 days of "behavioral/work" custody credits) is relief which this Court can no longer provide, as petitioner's release date has already passed. As a result, "[i]t is clear that the direct consequences of the [federal] action challenged here can no longer be remedied in habeas." *Cox v. McCarthy,* 829 F.2d 800, 803 (9th Cir. 1987). Hence, the Petition appears now to be moot and subject to dismissal in its entirety on that basis.[1]

---

[1] In addition, the Court notes that, as set forth in the Court's "Order Requiring Response to Petition," as well as Central District of California Local Rule 41-6, petitioner has the duty to keep the Court apprised of his current mailing address or face dismissal of the action for failure to prosecute. (*See* Order Requiring Response to Petition, filed Mar. 20, 2006, at 3 ("Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute."); C.D. Cal. Local Rule 41-6 ("A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."). The Court notes also that it is the general responsibility of every litigant to keep the court apprised of a current mailing address, *see, e.g., Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988), and that a federal court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute or to follow the court's orders. *Link v. Wabash Railroad,* 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see* Fed. R. Civ. P. 41(b). In light of the foregoing, should the present Order to Show Cause be returned to the Court as undeliverable to petitioner's present address of record, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismissal of this action may be appropriate on the further ground of failure to prosecute and follow the orders of the Court. *See, e.g., Carey,* 856 F.2d at 1441; Fed. R. Civ. P. 41(b); C.D. Cal., Local Rule 41-6.

**ORDER**

IT IS HEREBY ORDERED that, no later than March 6, 2009, petitioner shall show cause, in writing, why this action should not now be dismissed for the reasons stated above.  If petitioner does not timely file a response to this Order to Show Cause, petitioner is forewarned that the Petition may be dismissed in its entirety as moot.[2]

DATED: February 17, 2009

/ s /FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

---

[2]   *See also* footnote 1, *supra*.